Carrington, Judge,
concurred.
Lyons, President.
We all agree that a mandamus is in general a proper remedy; and I think it ought to have been granted in the present case. For the district court decided that they could not go into the evidence, because they had not authority to allow the writ. The testimony, therefore, was not heard; and, consequently, I cannot pronounce that there was no ground for the application. All that I can say is, that the court, contrary to their own notion, had authority to award the process, and that they should now have liberty to do so, in order to enable them to hear the evidence, and decide upon the merits. But, as a majority of this court is of a different opinion, the judgment is to be affirmed; and the following is to be the entry:
“ The court is of opinion, that the said district court ought not to have refused the writ of mandamus, for the reasons assigned by the said court in their judgment; but this court is further of opinion that the matters contained and set forth *556 in the appellant’s bill of exceptions, in which it is now presumed the whole merits of his case are as fully stated, as the same could be made to appear by matter of record, did furnish a sufficient ground and reason for the said, district court to have refused the writ of mandamus prayed for; and that the same ought to have been refused, because the appellant did not shew a sufficient cause, to the court, to entitle him to the benefit of the said writ. Therefore it is considered, that the said judgment be affirmed, and that the appellees recover against the appellant their costs by them about their defence in this behalf expended.”